```
                    United States District Court
                      District of Massachusetts
_____
                              )
DIANE MAMMOLA and MICHELA      )
MAMMOLA,                      )
        Plaintiffs,           )
                              )    Civil Action No.
        v.                    )    13-10999-NMG
                              )
KATHLEEN P. DWYER, Individually )
and in her Official Capacity, )
and MACLEAN HOLLOWAY DOHERTY   )
ARDIFF & MORSE, P.C.,         )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Diane Mammola and Michela Mammola ("plaintiffs"), the daughter and step-daughter of Seta Mammola ("Debtor"), bring suit against Kathleen P. Dwyer ("Dwyer"), the duly appointed Trustee of Debtor's estate, and Dwyer's law firm MacLean Holloway Doherty Ardiff & Morse, P.C. ("MHD") (collectively, "defendants"), for alleged misconduct during Debtor's bankruptcy proceedings.

I.  **Background**

Debtor filed for protection under Chapter 11 of the Bankruptcy Code in 2010 in this District and Dwyer was appointed Trustee of the estate. The matter was later converted to a Chapter 7 proceeding and Dwyer was named Chapter 7 Trustee. Plaintiffs claim interests as beneficiaries of three commercial trust properties included in Debtor's bankruptcy estate. They

-1-

allege that because of defendants' unlawful conduct during Debtor's bankruptcy proceedings the family real estate business was effectively destroyed and they were forced to sell their residence in Medford, Massachusetts.

In April, 2013 plaintiffs filed a pro se Complaint alleging: breach of contract (Count I), breach of fiduciary duty (Count II), "instrumentality" (Count VIII (sic)), intentional misrepresentation (Count IX (sic)) and a violation of M.G.L. c. 93A (Count XI (sic)).

## II. Analysis

Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### A. Legal Standard

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  The Court assumes that all material allegations set forth in the complaint are true. See Mulloy v. United States, 884 F.Supp. 622, 626 (D. Mass. 1995); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of

facts in support of his claim which would entitle him to relief." Williams, 784 F.2d at 433; Mulloy, 884 F.Supp. at 626.

### B. Application

Pursuant to the so-called Barton doctrine, a suit against a bankruptcy trustee in a court other than the bankruptcy court is barred unless plaintiff first obtains leave of the appointing court. Barton v. Barbour, 104 U.S. 126, 127 (1881); Muratore v. Darr, 375 F.3d 140, 143 (1st Cir. 2004).  The Barton doctrine also applies to trustee's counsel when counsel acts "at the direction of the trustee and for the purpose of administering the estate or protecting its assets." Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1241 (6th Cir. 1993); see also Hutchins v. Shatz, Schwartz and Fentin, P.C., C.A. No. 12-30111-MAP, 2013 WL 783069, at *6-7 (D. Mass. Feb. 28, 2013)(Barton doctrine applies to suits against the trustee's attorneys).  Because plaintiffs failed to file a motion with the Bankruptcy Court requesting leave to bring suit against defendants, this Court lacks subject-matter jurisdiction over this dispute.

Plaintiffs contend that an exception to the Barton doctrine applies to this case.  That exception, codified in 28 U.S.C. § 959(a), states that trustees of property may be sued without leave of the bankruptcy court if the action relates to "any of their acts or transactions in carrying on business connected with

such property."

The limited exception does not, however, apply to this case. The exception

> "is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store."

Muratore, 375 F.3d at 146 (quoting Carter v. Rodgers, 220 F.3d 1249, 1254 (11th Cir. 2000)).  Thus, § 959(a) is not applicable when, as here, a plaintiff's complaint is based upon the trustee's alleged misconduct in liquidating assets and administering property of the estate but not on tortious acts committed in furtherance of the debtor's business.  The fact that Dwyer was originally appointed as Chapter 11 Trustee does not change that analysis.  See, e.g., Muratore, 375 F.3d at 145 (declining to apply § 959(a) to an action against a Chapter 11 Trustee relating to alleged misconduct during bankruptcy proceedings).

Plaintiffs may have a legitimate claim for relief against defendants but unless and until plaintiffs file a motion in the Bankruptcy Court seeking leave to file suit and that motion is either granted or denied with leave to appeal, this Court lacks jurisdiction and the case must be dismissed. See id. at 148 (declining to refer case to bankruptcy court rather than dismiss because Fed. R. Civ. P. 12(h)(3) "states that a court 'shall

dismiss' an action over which it lacks subject-matter jurisdiction.").

## ORDER

In accordance with the foregoing, defendants' motion to dismiss (Docket No. 6) is **ALLOWED**.


**So ordered.**                           /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge
Dated July 23, 2013